IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF ARLP TRUST 4, | § § § § § | CV NO. 7:15-CV-33-DAE |
| Plaintiff, | § § | |
| v. | § § | |
| CESAR JACOB and SALLY CHAVEZ, | § § § | |
| Defendants. | § § | |

ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, (3) DENYING DEFENDANTS' MOTION TO DISMISS, AND (4) DENYING DEFENDANTS' MOTION TO CONSOLIDATE

Before the Court is a Report and Recommendation filed by U.S. Magistrate Judge David Counts on July 21, 2015. (Dkt. # 22.) Judge Counts' Report recommends that the Court deny the Motion for Default Judgment (Dkt. # 8) filed by Plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee of ARLP Trust 4 ("Plaintiff"). Also before the Court are a Motion to Dismiss (Dkt. # 16) and a Motion to Consolidate Cases (Dkt. # 14) filed by Defendants Cesar Jacob and Sally Chavez (collectively, "Defendants"). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition

1

without a hearing. After careful consideration of the Magistrate Judge's Report and Recommendation, the motions, and their supporting and opposing memoranda, the Court, for the reasons that follow, **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's Motion for Default Judgment, **DENIES** Defendants' Motion to Dismiss, and **DENIES** Defendants' Motion to Consolidate Cases.

## BACKGROUND

I.      Factual Background

On July 19, 2007, Defendant Cesar Jacob ("Jacob") executed and delivered a Texas Home Equity Note (the "Note") in favor of Countrywide Home Loans, Inc. (Dkt. # 1 ¶ 6.) Pursuant to the terms of the Note, Jacob agreed to pay the principal sum of $81,000.00, with an interest rate of 12% per annum, in monthly installments of $833.18 each. (Id.) The payments were to begin on September 1, 2007, and continue each month thereafter until paid or until August 1, 2037, at which time the Note matures. (Dkt. # 8-9, Ex. D ("Kearse Decl.") ¶ 4; id., Ex. D-1.) In connection with the extension of credit evidenced by the Note, Jacob and Defendant Sally Chavez ("Chavez") executed a Texas Home Equity Security Instrument (the "Security Instrument") securing the Note by a lien against the property located at 1103 E. 49th Street, Odessa, Texas, 79762 (the "Property"). (Kearse Decl. ¶ 4; Dkt. # 8-14, Ex. E.)

On June 22, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Home Loans, Inc., assigned the Security Instrument and the Note to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP.  The assignment was recorded in the real property records on July 1, 2011.  (Kearse Decl. ¶ 4; Dkt. # 8-15, Ex. F.)  By virtue of a corporate merger, Bank of America, N.A. ("Bank of America") became the successor-by-merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP.  (Kearse Decl. ¶ 4; Dkt. # 8-16, Ex. G.)  On May 6, 2014, Bank of America assigned the Security Instrument and the Note to Plaintiff.  The assignment was recorded in the real property records on June 2, 2014.  (Kearse Decl. ¶ 4; Dkt. # 8-17, Ex. H.)  Consequently, Plaintiff is the current owner and holder of the Note and the record holder of the lien, and Bank of America no longer holds any interest in the Note or the Property.  (Kearse Decl. ¶ 4.)

Bank of America serviced the Note until October 1, 2012, when servicing transferred to Ocwen Loan Servicing, LLC ("Ocwen").  (Kearse Decl. ¶ 4; Dkt. # 8-11, Ex. D-2; Dkt. # 8-12, Ex. D-3; Dkt. # 8-13, Ex. D-4.)  Ocwen currently services the loan on behalf of Plaintiff.  (Kearse Decl. ¶ 4.)  Defendants became delinquent in the payment of the Note when they failed to pay the installment due on April 1, 2011, and all installments due thereafter.  (Kearse Decl. ¶ 4; Dkt. # 8-11, Ex. D-2; Dkt. # 8-12, Ex. D-3; Dkt. # 8-13, Ex. D-4.)

3

II.     Procedural Background

On March 19, 2014, Defendants filed a Complaint for declaratory relief, quiet title, and preliminary and permanent injunctive relief against Bank of America in the 244th Judicial District Court of Ector County, Texas. On May 26, 2014, Bank of America removed the case to this Court, invoking this Court's diversity jurisdiction, in Cause Number 7:14-CV-36-DAE. On December 15, 2014, Bank of America filed a Motion for Summary Judgment in that action, arguing that it was no longer the holder of Defendants' mortgage.

Plaintiff filed its Complaint in the instant action in this Court on March 11, 2015, invoking the Court's diversity jurisdiction and seeking judicial foreclosure and declaratory judgment against Defendants. (Dkt. # 1.) Plaintiff served Defendants by personal delivery on April 2, 2015. (Dkt. ## 6, 7.)

On May 26, 2015, the Court entered an Order granting summary judgment to Bank of America in the original action brought by Defendants. In the Order, the Court denied Defendants' request to substitute Plaintiff as a defendant in that action, finding that judicial economy would be best served by closing the case and allowing Defendants to bring their claims as counterclaims in this action. Despite the Court's reference to the instant action in its summary judgment Order, Defendants failed to file an answer to Plaintiff's Complaint in the instant action. On May 28, 2015, Plaintiff filed the instant Motion for Entry of Default and for

Default Judgment (Dkt. # 8), and the Clerk filed an entry of default as to each Defendant on June 1, 2015 (Dkt. ## 9, 10.)

On June 2, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Plaintiff's Motion for Default Judgment.  (Dkt. # 11.)  On June 9, 2015, Defendants filed responses in opposition to the Motion for Default Judgment (Dkt. ## 14, 15), and the Magistrate Judge then withdrew the Report and Recommendation in order to consider the full record (Dkt. # 21.)  On July 21, 2015, the Magistrate Judge filed the Report and Recommendation now before the Court, recommending that the Court deny Plaintiff's Motion for Default Judgment.  (Dkt. # 22.)  Defendants subsequently filed a response to the Report and Recommendation again arguing that the Motion for Default Judgment should be denied.  (Dkt. # 25.)  Plaintiff has filed no objections.

Also before the Court are a Motion to Dismiss for Failure to State a Claim (Dkt. # 16) and a Motion to Consolidate (Dkt. # 14) filed by Defendants.  Plaintiff filed responses in opposition to the Motions on June 23, 2015.  (Dkt. ## 17, 18.)

## LEGAL STANDARDS

### I.  Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982), overruled on other grounds by Douglass v. U.S. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.     Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

I.      Magistrate Judge's Report and Recommendation

Because the parties have not objected to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. Wilson, 864 F.2d at 1221. After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation.

A district court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is committed to the sound discretion of the district court. In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992). The determination of good cause is made in light of the principle that default judgments are disfavored as a matter of law. Id. ("[C]ourts universally favor trial on the merits." (internal quotation marks omitted)); United States v. One Parcel of Real Prop., 763 F.2d 181, 183 (5th Cir. 1985) (noting that "modern federal procedure favors trial on the merits"). As a result, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial on the merits." In re OCA, Inc., 551 F.3d 359, 371 (5th Cir. 2008).

"Although a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." One Parcel of Real Prop., 763 F.2d at 183. "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." In re Chinese-Manufactured Drywall Prod. Liab. Litig., 753 F.3d 521, 544–45 (5th Cir. 2014) (quoting One Parcel of Real Prop., 763 F.2d at 183). These factors are

not exclusive, and courts have also considered "whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." Id. at 545 (quoting In re OCA, Inc., 551 F.3d at 369).

First, the Court agrees with the Magistrate Judge's finding that Defendants' default was not willful. Defendants assert that they "were confused by the pleadings and did not understand that this was a new action and believed that the case was over." (Dkt. # 15 at 3.) Given that Defendants are pro se, and that they moved to oppose Plaintiff's Motion for Default within one week of the Magistrate Judge's filing of his original Report and Recommendation and eight days of the Clerk's entry of default, the Magistrate Judge's finding that Defendants' default was inadvertent is not clearly erroneous.

The Court further agrees that no prejudice will result from setting aside the entry of default given that delay, alone, does not constitute prejudice. See Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000). Additionally, a default judgment on the $150,645.51 in unpaid principal, interest, and other fees and costs sought by Plaintiff would result in significant financial loss to Defendants. Finally, the Court agrees that Defendants acted expeditiously in seeking leave to pursue the action on the merits eight days after default was entered by the Clerk. While Defendants have not presented a meritorious defense, the Court agrees with the Magistrate Judge's finding that the balance of factors weigh in favor of setting

aside the default and finds that the recommendation that the default be set aside is not clearly erroneous.  Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 22), **DENIES** Plaintiff's Motion for Default Judgment (Dkt. # 8), and **ORDERS** that the entries of default against Defendants be set aside.  The Court further **ORDERS** that Defendants file an answer to Plaintiff's Complaint no later than fourteen (14) days after the entry of this Order.

II.     <u>Defendants' Motion to Dismiss and to Consolidate Cases</u>

Defendants have also moved to dismiss Plaintiff's Complaint for failure to state a claim.  (Dkt. # 16.)  Defendants also request that the Court consolidate this action with the action originally brought by Defendants against Bank of America in Cause Number 7:14-CV-36, which was closed following the Court's grant of summary judgment in favor of Bank of America on May 26, 2015.  (Dkt. # 14.)

Defendants' motions appear to be premised on the contention that Plaintiff and Bank of America misled Defendants and the Court as to the true owner of Plaintiff's mortgage, and take issue with the fact that Bank of America removed Defendants' original action to federal court after having assigned its interest in the mortgage to Plaintiff.  Defendants further argue that Plaintiff's allegation that it owns Defendants' mortgage "directly contradicts" the Court's ruling granting summary judgment in favor of Bank of America in the prior action,

and argue that Plaintiff lacks standing to bring this action based on Bank of America's defense of the claims originally brought against it by Defendants in the prior action.

None of Defendants' arguments have merit. First, the fact that Bank of America removed Defendants' original action to federal court after assigning its interest in the mortgage did not render the removal fraudulent or otherwise defective. Because the parties were completely diverse and the amount in controversy was greater than $75,000, Bank of America was entitled to defend against Defendants' claims in a federal forum if it so chose. While it appears Bank of America did not raise the fact that it no longer owned Defendants' mortgage until filing its motion for summary judgment in December 2014, it appears likely that the delay was due in part to the lack of clarity in Defendants' original pleadings, which Judge Junell characterized as "convoluted and often nonsensical" in his August 11, 2014 order requiring Defendants to amend their complaint.

Second, nothing in the Court's Order granting summary judgment for Bank of America in the previous action precludes Plaintiff from prevailing on its claims in this action. The Court's Order found that Bank of America was entitled to judgment as a matter of law on Defendants' claims for breach of contract, breach of duty of good faith and fair dealing, fraud, civil conspiracy, violations of the Texas Deceptive Trade Practices Act, and quiet title. The Court's finding that

Defendants could not maintain their affirmative claims against Bank of America in the previous action has no bearing on Plaintiff's ability to bring its own claims against Defendants in this one.  Additionally, the Order's factual finding that Bank of America had assigned Defendants' mortgage to Plaintiff on May 6, 2014, and that Bank of America no longer held any interest in the mortgage or property, supports Plaintiff's claims here that it is entitled to relief as the holder of Defendants' mortgage.  There is thus nothing in the record or the Court's disposition of Defendants' original action that would preclude Plaintiff from prevailing on their claims in this action, and Defendants are not entitled to dismissal on this basis.

Plaintiff has sufficiently pleaded claims for judicial foreclosure and declaratory relief.  To foreclose under a Deed of Trust with a power of sale, Texas law requires the lender or its assignee to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the Note and Deed of Trust; and (4) the lender has properly served the borrower with notice of default, and if applicable, notice of acceleration.  See Tex. Prop. Code § 51.002(d); see also Huston v. U.S. Bank Nat'l Ass'n, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014) (unpublished decision).  Plaintiff has alleged factual allegations, and has attached supporting documentation to the

Complaint, regarding each of these elements. Plaintiff specifically alleges that it is the owner of the Security Instrument and Note executed by Defendants; that Defendants have failed to make monthly payments as required under the Security Instrument and Note; that Plaintiff, through its loan servicer, served Defendants with a notice of default and a notice of acceleration; and that Defendants have failed to pay the balance due under the instruments. (Dkt. # 1 ¶¶ 6–13.) These allegations and the supporting documentation attached to the Complaint set forth sufficient facts to state a plausible claim for relief, and Defendants are therefore not entitled to dismissal of Plaintiff's claim for judicial foreclosure. Plaintiff's allegations are also sufficient to support its claim for declaratory relief regarding the ownership of, and liability under, the Security Instrument and Note. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss (Dkt. # 16). Finally, because the action in Cause Number 7:14-CV-36 has been closed, the Court **DENIES** Defendants' Motion to Consolidate (Dkt. # 14).

CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 22), **DENIES** Plaintiff's Motion for Default Judgment (Dkt. # 8), and **ORDERS** that the Clerk set aside Defendants' entries of default. The Court further **ORDERS** that Defendants file an answer to Plaintiff's Complaint no later than fourteen (14) days after the entry of this Order.

Finally, the Court **DENIES** Defendants' Motion to Dismiss (Dkt. # 16) and **DENIES** Defendants' Motion to Consolidate Cases (Dkt. # 14).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 19, 2015.

_____
David Alan Ezra
Senior United States Distict Judge