IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND ODESSA DIVISION

| | | |
|---|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 4, | § § § § § § | No. 7:15-cv-033-DAE |
| Plaintiff, | § § | |
| v. | § § | |
| CESAR JACOB & SALLY CHAVEZ, | § § | |
| Defendants. | § | |

ORDER GRANTING SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Plaintiff Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee of ARLP Trust 4 ("Plaintiff" or "Christiana Trust"). (Dkt. # 43.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memorandum filed in support of the Motion, the Court, for the reasons that follow, **GRANTS** the Motion for Summary Judgment (Dkt. # 43.)

1

BACKGROUND

On July 19, 2007, Defendant Cesar Jacob executed a Texas Home Equity Note ("the Note") in the amount of $81,000 from Countrywide Home Loans, Inc. ("Note," Dkt. # 43-1, Ex. A-1.) As security for the loan, Mr. Jacob and Co-Defendant Sally Chavez executed a Texas Home Equity Security Instrument ("Security Instrument") that placed a first lien on property located at 1103 E. 49th Street Odessa, Texas 79762 ("the Property"). (Dkt. # 43-1, Ex. A-2.) The Note and Security Instrument (collectively "the Loan") was properly recorded in the official public record of Ector County, Texas. (Id. at 25.)

On June 23, 2011, Countrywide Home Loans, Inc. assigned the Loan to BAC Home Loans Servicing, LP. (Id. Ex. A-4.) On June 28, 2011, BAC Home Loans Servicing, LP merged into Bank of America, NA. (Id. Ex. A-5.) On September 21, 2013, Defendant Jacob received a Notice of Default stating that his mortgage payments were past due, and that he owed $43,623.90.[1] (Id. Ex. A-7.) Subsequently, Bank of America, NA, transferred the Loan to Christiana Trust. (Id. Ex. A-6.) On May 2, 2014, the law firm Mackie Wolf Zientz & Mann, P.C., sent a

---

[1] It is irrelevant that this amount is below the jurisdictional threshold to invoke the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Since Plaintiff seeks declaratory relief and judicial foreclosure, the "the value of the property is the object of the litigation for the purposes of determining . . . the amount-in-controversy." Martinez v. BAC Home Loans Servicing, LP, 777 F. Supp. 2d 1039, 1047 (W.D. Tex. 2010). Here, the value of the Property is $120,682. (Dkt. # 43-1 Ex. A-9.)

Notice of Acceleration of Loan Maturity to Defendants Jacob and Chavez. (Dkt. # 43-1, Ex. A-8.)

On March 11, 2015, Christiana Trust filed this lawsuit seeking a declaratory order and judicial foreclosure. (Dkt. # 1 ¶¶ 16−20.) On November 24, 2015, Defendants filed their Answer with counterclaims. (Dkt. # 29.) On March 4, 2016, the Court issued an order dismissing all of Defendants' counterclaims. (Dkt. # 40.)

On June 24, 2016, Christiana Trust moved for summary judgment. (Dkt. # 43.) Defendants, who are proceeding pro se, have not filed a Response.

## LEGAL STANDARD

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enterprises, L.L.C., 756 F.3d 875, 880 (5th Cir. 2014). "Substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In seeking summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden,

the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012).

In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Kevin M. Ehringer Enters. v. McData Servs. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

I.    Judicial Foreclosure

To foreclose under a security instrument in Texas, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the borrower is in

default under the Note and Deed of Trust; and (4) the lender has properly served the borrower with notice of default, and if applicable, notice of acceleration.  See Tex. Prop. Code § 51.002; see also Huston v. U.S. Bank Nat'l Ass'n, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (5th Cir. 2014).

  Here, Christiana Trust has submitted evidence demonstrating that there is no genuine dispute of material fact as to any element necessary to judicially foreclose on the Property.  First, Christiana Trust has submitted a verified copy of the Texas Home Equity Note showing that a debt against Defendants exists.  (Dkt. 43-1, Ex. A-1.)  Second, Christiana Trust has submitted a verified copy of the Security Instrument that establishes a valid first lien as defined by Article 16, Section 50(a)(6) of the Texas Constitution.  (Dkt. # 43-1, Ex. A-2.)  Third, Christiana Trust has submitted proof that as of September 21, 2013, Defendants were in default because they owed $43,623.90 on their home equity loan.  (Dkt. 43-1, Ex. A-7.)  Finally, Christiana Trust has submitted verified proof that it properly served Defendants with a Notice of Default and a Notice of Acceleration.  (Dkts. ## 43-1, Exs. A-7, A-8.)  Since Defendants did not file a Response, they have failed to meet their burden of showing specific facts which create an existence of a genuine issue for trial.

  Accordingly, the Court will grant Christiana Trust's request for an order and judgment of foreclosure against Defendants.

II.     Attorneys' Fees

Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract.  Huston, 988 F. Supp. 2d at 741 (citing In re Velazquez, 660 F.3d 893, 895−96 (5th Cir. 2011)).  However, home equity loans executed pursuant to Section 50(a)(6) of Article 16 of the Texas Constitution are "non-recourse by definition and preclude contractual mortgagor liability."  Id. (citing In re Mullin, 433 B.R. 1, 17 (Bankr. S.D. Tex. 2010)).  While the mortgagor is not personally liable for attorneys' fees, the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after foreclosure sale.  Id.

Here, Section 9 of the Security Instrument permits Christiana Trust to incur reasonable attorneys' fees to protect its rights in the Property if Defendants fail to perform their obligations under the contract.  (Dkt. # 43-1, Ex. A-2 § 9.)  Further, the Security Instrument states that "any amounts disbursed by [Christiana Trust] . . . shall become additional debt of Borrower secured by this Security Instrument."  (Id.)  This language makes clear that Christiana Trust may recover its attorneys' fees, but only against the Property upon any foreclosure sale.  Nevertheless, Christiana Trust has submitted no evidence showing the amount of attorneys' fees incurred.  Accordingly, the Court will not award attorneys' fees.

Christiana Trust may file a separate motion seeking an order specifying its attorneys' fees to be satisfied by the foreclosure sale.

## CONCLUSION

For the reasons explained, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. # 43.).

**IT IS ORDERED** that Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as trustee of ARLP Trust 4, is authorized to foreclose its lien on the property that secured the Note's indebtedness located at:

> Lot 7, Block 45, Sherwood Addition, 5th Filing, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 4, Page 20, Plat Records, Ector County, Texas,

and which has the address of 1103 E. 49th Street, Odessa, Texas 79762, pursuant to the Note, Security Instrument, and the Texas Property Code § 51.002.

**IT IS SO ORDERED.**

**DATE:** Midland, Texas, August 23, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE